UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANN TAYLOR RETAIL, INC.,

    Plaintiff,

vs.                                          Case No.  3:10-cv-39-J-32MCR

CPG PARTNERS, L.P., et al.,

    Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel (Doc. 54) filed January 4, 2011.  Defendants filed their response (Doc. 56) in opposition to this Motion on January 24, 2011.  Accordingly, the matter is now ripe for judicial review.

## I. INTRODUCTION

Plaintiff commenced this action on January 15, 2010, alleging breach of a lease agreement and several other state law claims.  Essentially, Plaintiff entered into a lease agreement with Defendants.  During the lease term, water leaked into Plaintiff's store and caused damage to merchandise.  Plaintiff believes Defendants are responsible for this damage.  Defendants moved to dismiss the complaint on the grounds that Plaintiff's claims were barred by the express terms of the lease.  Additionally, Defendants pointed out that Plaintiff had named the wrong defendants and the two defendants named were not parties to the lease.

On September 29, 2010, Judge Corrigan granted Defendants' Motion to Dismiss and allowed Plaintiff to file an amended complaint.  Judge Corrigan also directed Defendants to file a motion for summary judgment in response to the amended complaint, rather than file an answer.  Defendants filed their motion for summary judgment (Doc. 51) on November 30, 2010 and Plaintiff responded by filing a cross-motion for summary judgment (Doc. 52).  These motions are currently pending before Judge Corrigan.

After both summary judgment motions were filed, Plaintiff filed the instant motion seeking an order directing Defendants to file "better answers to interrogatories, to overrule interrogatory objections, and to overrule objections to request[] for admissions." (Doc. 54).  Defendants responded by asking the Court to deny the motion for several reasons.  (Doc. 56).

## II.  DISCUSSION

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co.,

356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant case, the Court notes that Plaintiff's Motion fails to comply with Local Rule 3.04, which requires motions to compel to include:

> quotation in full of each interrogatory, question on deposition, request for admission, or request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted.

Rule 3.04(a), Local Rules for the United States District Court, Middle District of Florida (2009).  As Plaintiff has failed to provide the Court with sufficient information from which it could decide whether Defendants' responses are sufficient in a manner allowing ready consideration and as Plaintiff has provided virtually no argument to support its belief that the responses are lacking, the Court will deny the Motion to Compel at this time.

Plaintiff should take this opportunity to confer either in person or over the telephone with opposing counsel in an attempt to resolve any outstanding discovery disputes.  If after conferring, Plaintiff finds it is still necessary to file a motion to compel, Plaintiff is directed to defer filing any such motion until after the Court has ruled upon the pending motions for summary judgment.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Compel (Doc. 54) is **DENIED** without prejudice.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  27th  day of January, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record