**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANN TAYLOR RETAIL, INC. d/b/a ANN
TAYLOR FACTORY STORE,

                Plaintiff,

v.                                            Case No. 3:10-cv-39-J-32MCR

CPG PARTNERS, L.P., CPG HOLDINGS,
LLC, and JOHN DOE #1, roofing company,

                Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the parties' cross motions for summary judgment and their respective responses thereto.[1] See Doc. Nos. 51, 52, and 53. In this commercial lease dispute, the landlord Defendants contend that unambiguous lease provisions bar tenant Plaintiff's claims for property damage caused by a leaky roof. Specifically, Defendants assert that, when read together, lease sections 8.02 and 8.03 address the "situation, incident, and claims involved in this case." Doc. No. 53 at 3, 5, 6. On the other hand, Plaintiff asserts that "no portion of this lease . . . plainly, unambiguously or otherwise precludes Plaintiff's claims[.]" Doc. No. 52 at 2. Additionally, Plaintiff avers that the lease is

---

[1] The term "parties" includes only Plaintiff and Defendants, CPG Partners, L.P. and CPG Holdings, LLC. Since filing its Second Amended Complaint (Doc. No. 46), Plaintiff has elected to "drop" Defendant "John Doe #1" as a party Defendant. See Doc. No. 61 at 2. Accordingly, Count III of Plaintiff's Second Amended Complaint is hereby dismissed and "John Doe #1" is terminated as a party.

"so wordy, ambiguous, [and] vague . . . that summary judgment cannot be entered for Defendants[.]" Id. Plaintiff contends that section 2.03 of the lease "specifically permits [it] to maintain an action against [Defendants] should [Defendants] be negligent or cause the premises damage because of its roof omissions." Id. at 7. Plaintiff also claims that section 7.02 of the lease "warrants summary judgment for Plaintiff." Id. at 10. Further, Plaintiff cites caselaw, including a case which is factually and legally close to this case, supporting the conclusion that entry of summary judgment for Defendants would be inappropriate. See Landmark HHH, LLC v. Gi Hwa Park, 671 S.E.2d 143 (Va. 2009).

Upon review of the lease provisions, the Court is unprepared to rule as a matter of law for either party. It is possible, after trial, the Court may still be able to interpret the lease without resorting to parol evidence. However, it also may turn out that the lease is ambiguous on the relevant point. Moreover, each side seems to ask the Court to assume that certain facts are undisputed without it being certain that this is so. Therefore, the Court will allow discovery and set the case for non-jury trial[2] at which the Court will hear parol evidence, accept evidence regarding the cause of the roof leak, and receive a copy of the "All-Risk" insurance policy referenced in section 8.02, as well as any other potentially relevant evidence. However, before the Court sets the case for trial, the parties are required to attend (in person) a settlement conference with the Honorable Monte C. Richardson, United States Magistrate Judge. Accordingly, it is hereby **ORDERED**:

1. Defendants' Motion for Summary Judgment (Doc. No. 51) is **DENIED**.

---

[2]The parties have expressly waived trial by jury. See Doc. No. 51, Ex. A at 33 (section 15.05 of lease agreement).

   2. Plaintiff's Cross Motion for Summary Judgment (Doc. No. 52) is **DENIED**.

   3. The Court will issue a separate Order setting this matter for a bench trial.

   4. No later than **May 6, 2011**, the parties will jointly contact the Honorable Monte C. Richardson's chambers to schedule a settlement conference.

   5. No later than **June 30, 2011**, Plaintiff should file information that sufficiently demonstrates this Court's diversity jurisdiction.[3]

   **DONE AND ORDERED** in Jacksonville, Florida, this 25th day of April, 2011.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

---

[3] In a previous Order, the Court instructed Plaintiff to file information so that the Court could determine whether it has jurisdiction over this case. See Doc. No. 60. In response, Plaintiff filed a notice in which Plaintiff attempted to demonstrate the Court's diversity jurisdiction. See Doc. No. 61. However, upon review, it appears that Plaintiff's jurisdictional allegations remain insufficient. Although Plaintiff has cured the jurisdictional allegations surrounding the "John Doe #1" Defendant by dropping that entity from the case, Plaintiff's allegations regarding the CPG Defendants are unsatisfactory. As noted in the previous Order, when analyzing the citizenship of a limited partnership, a court must look to the citizenship of both the limited and general partners. See Doc. No. 60 at 2 n.3 (citing Carden v. Arkoma Associates, 494 U.S. 185 (1990)). Further, for the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

   In its notice, Plaintiff indicated that "CPG Partners, L.P. has one general partner, CPG Holdings, LLC." Doc. No. 61 at 2. It is not clear from this allegation whether Plaintiff has identified the citizenship of all limited and general partners. Additionally, Plaintiff's allegations regarding CPG Holdings, LLC are insufficient to establish diversity jurisdiction. Although Plaintiff provides information from Florida sunbiz.org, it is not clear that Plaintiff has identified all members of the LLC. Further, even if CPG Holdings, LLC only has one member, CPG Member, LLC, Plaintiff has inadequately alleged the citizenship of that sole member. Plaintiff represents that CPG Member, LLC maintains an Indiana address, yet Plaintiff has not alleged the citizenship of CPG Member, LLC's members. Moreover, diversity jurisdiction is based on the citizenship of the parties, not the parties' mailing addresses. Thus, based on the evidence before it, the Court remains uncertain whether it has jurisdiction in this case. Accordingly, Plaintiff will be given another opportunity to present the Court with information establishing the diversity of all parties. Plaintiff is hereby authorized to engage in discovery, as needed, in order to determine Defendants' citizenship (unless Defendants will voluntarily supply the information).

smm

Copies to:

The Honorable Monte C. Richardson

Counsel of record