**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANN TAYLOR RETAIL, INC. d/b/a ANN
TAYLOR FACTORY STORE,

        Plaintiff,

v.                                       Case No. 3:10-cv-39-J-32MCR

CPG PARTNERS, L.P., CPG HOLDINGS,
LLC,

        Defendants.
_____/

## O R D E R

In response to the Court's repeated inquiries into its jurisdiction over this matter[1], see Doc. 60; Doc. 65 at 3 n.3; Doc. 72, the parties recently acknowledged that complete diversity does not exist between Plaintiff and Defendants. See Docs. 73-77. As diversity jurisdiction

---

[1] "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). See also Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises. We always must investigate questions of subject matter jurisdiction, whether or not they are raised by the parties to the case.") (internal quotations and citations omitted).

is the only alleged basis of federal subject matter jurisdiction, this Court "must dismiss the action." See Fed. R. Civ. P. 12(h)(3).[2]

Accordingly, it is hereby **ORDERED**:

**1.** Plaintiff's Motion to Remand (Doc. 73) is **DENIED**.

**2.** Plaintiff's Alternative Motion to Transfer (Doc. 74) is **DENIED**.

**3.** This case is **DISMISSED without prejudice** for lack of subject matter jurisdiction.[3]

**4.** The Clerk should close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 8th day of August, 2011.

TIMOTHY J. CORRIGAN
United States District Judge

smm
Copies to:
Counsel of record

---

[2] In motions, Plaintiff has requested that, in lieu of dismissal, this case be "remanded" or, alternatively, "transferred 'as is'" to the appropriate Florida circuit court which would have jurisdiction over this matter. See Docs. 73-74. Plaintiff's requests are problematic because Plaintiff originated this action in federal court. Thus, this case "presents no question of 'remand' to the State Courts because the case ha[s] not been filed there in the first place." See White v. Commercial Standard Fire & Marine Co., 450 F.2d 785, 786 (5th Cir. 1971). Moreover, there is no mechanism by which a federal court initially lacking subject matter jurisdiction over a case could transfer that case to a state court. See, e.g., Mills v. Maine, 118 F.3d 37, 51 (1st Cir. 1997); Creative Picture Framing, Inc. v. United Fire Grp., Civil Action No. 07-4422, 2009 WL 799754, at *1-2 (E.D. La. Mar. 20, 2009); Brown v. Pepsi Mid-Am. Co., No. 1:06 CV 00057 LMB, 2006 WL 2546804, at *1-3 (E.D. Mo. Sept. 1, 2006). Because the Court has determined that it lacks subject matter jurisdiction over this case, dismissal, rather than remand or transfer, is the appropriate procedural measure.

[3] Defendants represent that the Court can anticipate a motion for attorneys' fees, costs, and other relief upon dismissal of this action. See Doc. 75 at 4-5; Doc. 76 at 2-3. Although the Court cannot prevent Defendants from filing such a motion, Defendants are advised that, given the procedural history and posture of this case, the Court is disinclined to grant such a motion.